IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-41,743-03






EX PARTE HUMBERTO LEAL (1)









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS 
AND MOTION FOR STAY OF EXECUTION 

IN CAUSE NO. 1994-cr-4696-W3 IN THE 186th DISTRICT COURT

BEXAR COUNTY




 Per Curiam. Price, J., filed a concurring statement in which Johnson and
Alcala, JJ., join. Keasler, J., filed a concurring statement in which Meyers, J.,
joins. Hervey and Cochran, JJ., not participating. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In July 1995, a jury convicted applicant of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Leal v. State, No.
AP-72,210 (Tex. Crim. App. Feb. 4, 1998)(not designated for publication). 

 In September 1997, applicant filed in the trial court his initial post-conviction
application for writ of habeas corpus. This Court denied applicant relief. Ex parte Leal,
No. WR-41,743-01 (Tex. Crim. App. Oct. 20, 1999)(not designated for publication). 
Applicant filed his first subsequent application in the trial court in March 2005. This
Court dismissed that application because it failed to meet the dictates of Article 11.071, §
5. Ex parte Leal, No. WR-41,743-02 (Tex. Crim. App. Mar. 7, 2007)(not designated for
publication). This, his second subsequent application, was filed in the trial court on June
23, 2011.

 In this application, applicant asserts that (1) he is a Mexican national; (2) his right
to consular notification was violated, therefore, the International Court of Justice's
decision in the Case Concerning Avena and other Mexican Nationals (Mex. v. U.S.), 2004
I.C.J. No. 128 (Judgment of Mar. 31), entitles him to a new review of his case; and (3) his
imminent execution should be stayed pending passage of legislation regarding procedures
on how to implement this review, which legislation is currently pending in Congress. We
have reviewed the application and find that applicant has failed to meet the requirements
of Article 11.071, § 5. Accordingly, we dismiss his application.

 Applicant alternatively argues that we should consider his application under our
original habeas jurisdiction or reconsider the claim under one of his previously filed
Article 11.071 applications. This we decline to do. Applicant's motion for stay of
execution is denied. 

 IT IS SO ORDERED THIS THE 27th DAY OF JUNE, 2011.


Do Not Publish
1. To date, all pleadings concerning this defendant have been filed under the name "Humberto
Leal" or "Humberto Leal, Jr." In this subsequent application, counsel has styled the pleading "Humberto
Leal Garcia." For consistency of our records, the Court will continue to use the designation "Humberto
Leal" to refer to the defendant/applicant.